

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00379-CR

PEDRO RESENDIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2011-430,563, Honorable Jim Bob Darnell, Presiding

August 26, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Pedro Resendiz, appeals from his conviction for driving while intoxicated, third or more offense,[1] a third-degree felony.[2] Appellant filed a motion to suppress the evidence obtained by the State after his initial stop. After hearing the motion to suppress, the trial court denied the same. Appellant subsequently entered a plea of guilty without any recommendation as to punishment. The trial court sentenced

---

[1] See TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2012).

[2] See id. § 49.09(b)(2) (West Supp. 2012).

appellant to incarceration for ten years but suspended the sentence of incarceration and placed appellant on community supervision for eight years. On appeal, appellant contends that the trial court committed reversible error in denying the motion to suppress. We affirm.

Factual and Procedural Background

Inasmuch as appellant is not contesting the sufficiency of the evidence to sustain the trial court judgment, we will address only the facts necessary for our determination of the issue presented. Those are the facts developed at the hearing on appellant's motion to suppress.

Officer Steven Perez of the Idalou Police Department was the sole witness at the hearing on the motion to suppress. Perez testified that he received a call from the Chief of Police in Idalou about a man, who later turned out to be appellant, who was observed intoxicated in the Thriftway grocery store in Idalou. According to the information provided by the manager of the Thriftway store, Shawn Holt, appellant was stumbling around the store and had a strong odor of alcohol about his person. As Perez drove to the Thriftway store, he was apprised about the whereabouts and activities of appellant in the store. Upon Perez's arriving at the Thriftway store, Holt was in the parking lot pointing at appellant's vehicle as it started to leave. Holt told Perez, "That's the guy that was just in the store." Perez went through the parking lot and onto the highway following appellant. While he was following appellant's car, Perez observed the car swerve and drift within its lane of traffic. After about a half of a mile, Perez initiated a stop of appellant's vehicle.

2

Upon investigating appellant and administering field sobriety tests, Perez arrested him for driving while intoxicated. The motion to suppress filed by appellant was directed at all of the evidence the State obtained after the stop was initiated.

At the hearing on the motion to suppress, Perez testified about receiving the radio report from the Chief of Police in Idalou and the facts that were being relayed from Holt to the Chief and on to Perez. Upon direct examination and throughout cross-examination, Perez testified that appellant's swerving and drifting within his lane of traffic was not a traffic offense. Based upon the testimony of Perez, the trial court overruled the motion to suppress, and appellant entered his plea of guilty.

Appellant contends that the trial court erred in overruling the motion to suppress. We disagree and affirm.

Standard of Review

We review a trial court's denial of a motion to suppress under a bifurcated standard of review. Turrubiate v. State, 399 S.W.3d 147, 150 (Tex.Crim.App. 2013). We review the trial court's factual findings for an abuse of discretion but review the trial court's application of the law to the facts *de novo*. Id. In reviewing the trial court's decision, we do not engage in our own factual review; rather, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, especially when based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and

3

demeanor.  See Ford v. State, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005). Appellate courts review *de novo* "mixed questions of law and fact" that do not depend upon credibility and demeanor.  Id.  When, as here, no findings of fact were requested nor filed, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record.  See State v. Ross, 32 S.W.3d 853, 855–56 (Tex.Crim.App. 2000) (en banc).  If the trial court's decision is correct on any theory of law applicable to the case, it will be sustained. Armendariz v. State, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003) (en banc). Additionally, the legal question whether the totality of circumstances justified the officer's actions is reviewed *de novo*.  Hudson v. State, 247 S.W.3d 780, 784 (Tex.App.— Amarillo 2008, no pet.).

Applicable Law

A temporary detention of a person is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead the officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity.  Brother v. State, 166 S.W.3d 255, 257 (Tex.Crim.App. 2005) (citing Terry v. Ohio, 392 U.S. 1, 30, 20 L.Ed.2d 889, 88 S.Ct. 1868 (1968)).  The facts must amount to more than a mere hunch or suspicion.  Id.

The factual basis for stopping a vehicle need not arise from the officer's personal observations, but may be supplied by information gathered from others.  Id. (citing Adams v. Williams, 407 U.S. 143, 147, 32 L.Ed.2d 612, 92 S.Ct. 1921 (1972)).  A citizen

4

informant is viewed as reliable by the very nature of the circumstances under which the information became known to him or her. Id. at 258.

## Analysis

Appellant's contention on appeal is that Perez did not have reasonable suspicion to stop appellant. This is so, according to appellant's theory, because Perez never observed any violations of the traffic laws prior to activating his emergency lights and stopping appellant's vehicle. We disagree with appellant's contention for the reasons set forth below.

At the time Perez initiated his temporary detention of appellant, the following information had been made known to him. Appellant had been observed inside the Thriftway in an intoxicated state, as evidenced by the difficulty he was having in walking around the store. The manager of the store had approached closely enough to smell a strong odor of alcohol emanating from appellant. Appellant exited the store and got into a vehicle. Upon Perez's arrival at the store, the manager identified appellant and pointed out the vehicle appellant entered. Perez observed appellant driving with some apparent difficulty, as demonstrated by his swerving and drifting within his lane of traffic. When these specific articulable facts are taken into consideration, along with the reasonable inference that appellant might be intoxicated, Perez was justified in initiating a temporary detention of appellant. See Brother, 166 S.W.3d at 257. Accordingly, the trial court did not abuse its discretion in overruling appellant's motion to suppress. See Turrubiate 399 S.W.3d at 150. Appellant's sole issue is overruled.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

Per Curiam.

Do not publish.